IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANK J. TAYLOR, | ) | |
| | ) | |
|       Plaintiff, | ) | Civil No. 06-1296-JO |
| | ) | |
|       v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
|       Defendant. | ) | |

    James S. Coon
    Kimberly K. Tucker
    SWANSON THOMAS & COON
    820 S.W. Second Avenue, Suite 200
    Portland, OR  97204

     Attorneys for Plaintiff

    Joanne E. Dantonio
    SOCIAL SECURITY ADMINISTRATION
    701 Fifth Avenue, Suite 2900
    M/S 901
    Seattle, WA  98104

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Attorneys for Defendant

JONES, Judge:

Claimant seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act.  *See* 42 U.S.C. §§ 401-33, 1381-83f.  This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, I conclude that the decision of the Commissioner must be affirmed.

## ADMINISTRATIVE HISTORY

Claimant filed his application for SSI on April 29, 2003.  Tr. 54.  He alleged that he was disabled as of April 1, 1999, due to the following impairments: bullet fragments in the left femoral neck with resulting pain in his left hip and leg, and hypertension.  Tr. 13.  The Commissioner denied his application initially and on reconsideration.  Tr. 18-20, 27.  Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on December 19, 2005.  Tr. 37.  Claimant, who was represented by counsel, appeared and testified, as did a vocational expert ("VE").  Tr. 551.  On February 21, 2006, the ALJ issued a decision denying claimant's application, finding that claimant was not disabled as defined by 1614(a)(3)(A) of the Social Security Act, and therefore not eligible to receive SSI payments.  Tr. 17.  The ALJ's decision became the final decision of the Commissioner on July 7, 2005 when the Appeals Council declined review.  Tr. 4;  *see* 20 C.F.R. §§ 416.1481.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also* Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Andrews, 53 F.3d at 1039-40.

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. *See* 20 C.F.R. §§ 416.920. The claimant has the initial burden of proving a disability in steps one through four of the analysis. *See* Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Then, if the claimant establishes that he is unable to continue his past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful activity in jobs existing in significant numbers in the national economy. *See* id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

In this case, the ALJ first determined that claimant has not engaged in substantial gainful activity at any time relevant to this decision. Tr. 13. Second, the ALJ found that claimant suffers from the following medically determinable impairments which, in combination, are

severe: hypertension and residuals of gunshot wounds.  Id.  Third, the ALJ determined that claimant's impairments did not meet or equal the requirements of any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations Part 404.  Tr. 14.  The findings at steps one, two and three are not in dispute.

Next, the ALJ determined that claimant retains the residual functional capacity ("RFC") to perform a reduced range of light level work. Tr. 14.  Specifically, the ALJ found that the claimant retained the ability to lift up to ten pounds frequently and twenty pounds occasionally; to stand two hours and walk four hours in an eight hour workday; and to sit eight hours in an eight hour workday.  Id.  These findings are in dispute.  Based on the medical evidence in the record, the ALJ also found that claimant has the following undisputed limitations:  "he can never climb ropes, ladders or scaffolds."  Tr. at 14.

At the fourth step of the evaluation, the ALJ determined that claimant has no past relevant work.  Tr.  15.  This finding is not in dispute.  At the fifth step of the evaluation, the ALJ found that the claimant had at least a high school education, is able to communicate in English and that transferability of job skills was a non-issue because the claimant lacked relevant work experience.  Tr. 16.  These finding are not in dispute.  Applying the Medical Vocational Guidelines, 20 C.F.R. Part 404, subpart P, Appendix 2, (the "Grids"), the ALJ concluded that if the claimant had the capacity to perform the full range of light work, the Grids would direct a finding of "not disabled."  Tr. 16.  Because the claimant disputes the findings underpinning the ALJ's application of the Grids, specifically, the ALJ's classification of the claimant's age and RFC, this analysis is in dispute.

4 - OPINION AND ORDER

The ALJ determined that the Grids analysis was inconclusive because the claimant's ability to perform the full range of light level work was impaired by additional limitations. Tr. 16. The ALJ therefore asked the VE whether jobs existed in the national economy that would fit the claimant's impaired level of light work. Id. The VE identified two jobs that claimant could perform that existed in significant numbers, which she classified as unskilled and requiring a "vocationally narrow range of light duty." Tr. 603. Relying on the VE's testimony, the ALJ found that claimant was not disabled and denied his application for benefits.

## STATEMENT OF FACTS

Claimant was shot three times by an ex-girlfriend in 1991. Tr. 249, 525. One bullet remains lodged in his left thigh, causing pain when walking and standing. Id. He was diagnosed with hypertension in 2002. Tr 249. His hypertension causes dizziness, blurred vision, headaches, sweating and irregular heartbeats. Id.

## DISCUSSION

Claimant contends that the ALJ's determinations are not supported by substantial evidence. Specifically, claimant argues that the opinion of his treating physician, Dr. Goss, limits him to less than sedentary work. Claimant notes that the ALJ credited that opinion. Claimant further argues that the ALJ's RFC finding and hypothetical question were inconsistent with that opinion. According to claimant, by making contrary findings, the ALJ effectively rejected the opinion without giving clear and convincing reasons for doing so, and this error requires reversal.

1.    Dr. Goss' Opinion

Claimant argues that Dr. Goss' opinion limits him to less than the full range of sedentary work. Claimant overstates Dr. Goss' opinion. The opinion at issue appears in a letter dated December 12, 2004. In the letter, Dr. Goss stated that the claimant's hypertension was "very concerning and not well controlled," and further opined that when the claimant's blood pressure was high, the claimant experienced "vision changes, headaches and balance issues." Tr. 539. Dr. Goss further stated that "anything that causes exertion such as lifting or carrying could give him these symptoms," and that he "d[id] not believe that [the claimant] could sustain work requiring him to be on his feet for any significant length of time." Id.

A claimant's RFC is a classification that reflects his "maximum sustained work capability." SSR 83-10. "RFC determines a work capability that is exertionally sufficient to allow performance of . . . all of the activities at a particular level, but is also insufficient to allow . . . performance of work at greater exertional levels." Id. Therefore, a claimant with a "light" RFC would be able to perform at a light or sedentary level, but could not perform at a medium level of exertion. The Commissioner's RFC classifications of sedentary, light and medium, are defined terms. Id. According to these definitions, sedentary work involves "lifting no more than 10 pounds at a time" and "standing and walking . . . no more than about 2-hours of an 8-hour workday." Id. Light work involves "lifting no more than 20 pounds at a time, with frequent lifting or carrying of 10 pounds," and "walking and standing up to 6 hours in an 8 hour workday." Id. Nothing in Dr. Goss' opinion letter specifically limits claimant's lifting abilities to no more than 10 pounds at a time. Dr. Goss' letter merely expresses that anything that causes exertion *could* give the claimant hypertensive symptoms. Dr. Goss expresses no opinion as to

what level of weight lifting or other activities would exert the claimant and give him these symptoms. Similarly, nothing in Dr. Goss' letter limits the claimant to standing and walking two hours a day or less. Dr. Goss' letter explains that the claimant should not be on his feet for any significant length of time, but does not explain what he means by "significant."

Dr. Goss' letter expresses only general limitations and does not, on its face, limit the claimant to less than sedentary work. The ALJ rationally could interpret the letter as limiting the claimant to sedentary work, but just as rationally could interpret the letter to mean the claimant could work at a reduced range of light level work. Consequently, I do not disturb the ALJ's interpretation. *See* Magallanes, 881 F.3d at 750.

Claimant properly notes that the ALJ credited Dr. Goss' opinion. Tr. 15. However, the ALJ was not obligated to consider Dr. Goss letter in isolation from the other medical evidence in forming claimant's RFC for two reasons. First, the letter was inconclusive, not compelling as claimant suggests. Second, the ALJ had a duty to evaluate all relevant medical evidence and other evidence in the entire record in making the RFC determination. SSR 96-8p. In doing so, the ALJ needed to resolve all "questions of credibility" and "conflicts in the testimony." Magallanes, 881 F.3d at 751 (internal citations and quotations omitted).

2.  The ALJ's Residual Functional Capacity Assessment

Claimant argues that the ALJ improperly rejected the opinion of Dr. Goss, a treating physician, since the ALJ's RFC determination was wholly inconsistent with that opinion. I do not agree.

The Commissioner, and by delegation the ALJ, has the final responsibility for determining the claimant's RFC. *See* SSR 96-5p. The determination must be based on

7 - OPINION AND ORDER

substantial evidence after consideration of the whole record, and must contain an explanation of how the ALJ weighed the medical evidence and testimony.  *See* Id.

The ALJ considered five medical opinions of record in assessing the claimant's RFC. Claimant's first disability examiner's RFC assessment from May 2003 stated that claimant was capable of performing at the medium level of exertion.  Tr. at 253-60.  Second, Dr. Kim Webster, who examined the claimant in August 2003, found no "significant objective evidence of disability." Tr. at 252.  Third, the results of a physical capacity assessment in July 2003 showed the claimant was "capable of full-time work in the sedentary range" because he could stand for up to two hours and walk for up to four hours in an eight hour day, and lift 6-18 pounds at a time.  Tr. at 177-79.  Fourth, in a September 2003 letter, Dr. Deborah Williams expressed concern that claimant  "should not do any heavy lifting."  Tr. at 135.  The fifth is Dr. Goss' letter from December 2004, discussed *supra*.  Tr. at 539.

As explained above, the ALJ's assessment of the claimant's RFC is not wholly inconsistent with Dr. Goss' opinion because Dr. Goss did not express his opinion in terms that translate to an RFC of less than a full range of sedentary work.  To the contrary, the ALJ's RFC accounted for Dr. Goss' opinion together with the other medical opinions and evidence.  As the ALJ explained, he "[gave] greater weight to the opinion of Dr. Bennet Goss . . . [whose] opinion is consistent with results of a physical capacity assessment." Tr. 15.  Thus, the ALJ credited and weighed Dr. Goss' opinion despite its deficiencies.  Because Dr. Goss did not characterize the claimant's abilities in a way that would translate to an RFC determination, his opinion may be characterized as "inconclusive;" consequently, the ALJ acted properly to resolve the "conflicts

and ambiguities in the testimony" by considering all the medical evidence before him. Magallanes, 881 F.2d at 751 (9th Cir. 1989).

I find that the ALJ properly weighed and evaluated all the medical evidence, and explained how he resolved the conflicts in testimony between the various doctors. The ALJ found that the claimant had the RFC to lift up to 20 pounds occasionally and up to 10 pounds frequently, and stand or walk two to four hours in an eight hour day. Because this finding is rational, it is supported by substantial evidence and must be upheld. Id.

3.   The Grids

The claimant argues that as of the amended onset date of June 22, 2004 (the claimant's 50th birthday), the Grids direct a finding of disabled. This argument relies on the court finding that the claimant's RFC is "sedentary . . . as a matter of law." Id. Because I find that the ALJ's RFC determination of a restricted range of light duty is supported by substantial evidence, this argument fails.

The ALJ found the Grids inconclusive as to the ultimate question of disability because the claimant could not perform the full range of light duty work. In order for the Grids to control the determination at step five, claimant's RFC must substantially match the RFC level as defined. *See* SSR 83-10. The ALJ determined that claimant's RFC did not substantially match a light level RFC as defined because he could only stand two hours and walk four hours in an eight hour day. Tr. 16. The ALJ properly found that the claimant's ability to perform the full range of light level work had been "impeded by additional limitations," before finding the Grids inconclusive.

The ALJ asked the VE if jobs existed in significant numbers for a claimant who could "generally perform light level work" but who could not "stand more than two to four hours in the

9 - OPINION AND ORDER

workday" or "climb any ropes, ladders or scaffolding." Tr. 603. This question properly accounted for all of the limitations that ALJ found credible and consistent with medical evidence. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ properly applied the Grids, and asked the VE a hypothetical that accounted for all of the limitations the ALJ found credible and supported by the evidence of record. Therefore the ALJ properly analyzed the fifth sequential step of the evaluation and his finding that the claimant was not disabled must be affirmed.

## CONCLUSION

For the foregoing reasons, and based on my review of the record, the Commissioner's decision denying claimant's application for SSI is based on correct legal standards and is supported by substantial evidence in the record. Therefore, the Commissioner's decision is AFFIRMED.

DATED this 4th day of March, 2008.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge